IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES DAVID LITTLE, JR. and SAYLE M. LITTLE, | ) ) ) | |
| Plaintiff, | ) ) | No. 11 C 9072 |
| v. | ) ) ) | Magistrate Judge Maria Valdez |
| HSBC MORTGAGE CORP., USA, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss Counts IV and V of Plaintiffs' First Amended Complaint [Doc. No. 25].[1] For the reasons that follow, the motion is granted.

## BACKGROUND

The amended complaint alleges that around May 12, 2010, approximately six years after obtaining a residential mortgage from Defendant HSBC Mortgage Corp., USA ("HSBC"), Plaintiff homeowners entered into a verbal "Revised Mortgage Payment Agreement." (Compl. ¶¶ 7, 9.) Under the revised agreement, Plaintiffs were to pay their April 2010 mortgage payment in three equal installments, which were to be added to their May - July 2010 mortgage payments. (*Id.* ¶ 9.) Plaintiffs authorized HSBC to make direct withdrawals from Plaintiffs' bank account for those three months. (*Id.*)

---

[1] A briefing schedule was set on the motion, but Plaintiffs did not file a response.

The increased mortgage payments were withdrawn from Plaintiffs' bank account in May and June, but around June 26, 2010, Plaintiffs contacted HSBC to advise that those payments had not posted to their loan account. (*Id.* ¶¶ 10-12.) The July mortgage payment was also deducted from Plaintiffs' bank account but was not posted to the loan account either. (*Id.* ¶¶ 16-18.) In August 2010, Plaintiffs were advised by HSBC that due to an internal error, their payments were posted to another customer's account. (*Id.* ¶ 25.) But despite Plaintiffs' written and oral complaints to HSBC beginning in June 2010 and continuing through February 2011, the problem remained unresolved. (*Id.* ¶¶ 12-15, 19-22, 25-27, 29-47.)

On July 28, 2010 and October 27, 2010, HSBC sent letters stating that Plaintiffs' loan was in default in the amount of $10,443.10; neither letter acknowledged Plaintiffs' earlier requests that the May-July payments be properly posted to their loan account. (*Id.* ¶¶ 17-18, 23.) Around July 30, 2010, HSBC filed a foreclosure action against Plaintiffs in state court. (*Id.* ¶ 24.) The foreclosure complaint was dismissed for want of prosecution on May 2, 2011. (*Id.* ¶ 48.)

Plaintiffs' amended complaint alleges violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) [Count I] as well as state law claims of Gross Negligence [Count II]; Wrongful Foreclosure/ Breach of Contract [Count III]; Malicious Prosecution [Count IV]; and Libel [Count V]. Plaintiffs further claim that due to HSBC's allegedly wrongful actions, their credit was damaged, they lived in fear that they would lose their home, they suffered extreme emotional distress,

and plaintiff C. David Little, Jr. was denied employment opportunities due to the mortgage foreclosure action on his credit report. (Compl. ¶ 49.) Defendant answered Counts I-III and now seeks to dismiss Counts IV and V.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) requires a court to accept all of the plaintiff's well-pleaded facts as true as well as reasonable inferences drawn therefrom. *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). A plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to defeat a motion to dismiss. Fed. R. Civ. P. 8(a)(2); *see Bell Atl. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must also "suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555).

A. <u>Count IV - Malicious Prosecution</u>

Defendant argues that the malicious prosecution count must be dismissed because Plaintiffs failed to plead all of the essential elements of the claim. In order to prove a claim for malicious prosecution, a plaintiff must show: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921-22 (7th Cir. 2001). Every

3

element must be proven; "the absence of even one element will preclude recovery for malicious prosecution." *Id.* at 922. Moreover, malicious prosecution claims are disfavored under Illinois law, and the elements must be strictly construed. *Rumer v. Zeigler Coal Co.*, 522 N.E.2d 830, 833-34 (Ill. App. Ct. 1988); *see Serfecz v. Jewel Food Stores*, 67 F.3d 591, 602 (7th Cir. 1995).

Defendant argues that Plaintiff has failed to sufficiently plead the elements of favorable termination, the absence of probable cause, malice, and special injury.

### 1. *Favorable Termination*

In order for a judgment to be considered in a plaintiff's favor for purposes of a malicious prosecution claim, the judgment must have "deal[t] with the factual issue of the case, whether the judgment be rendered after a trial or upon motion for summary judgment." *Rumer*, 522 N.E.2d at 833 (citation and internal quotation omitted). "Settlements, voluntary dismissals or even involuntary dismissals are not such terminations." *Id.* (holding that a dismissal with prejudice for failure to comply with pleading requirements did not satisfy the favorable termination element despite being an adjudication on the merits).

Plaintiffs' amended complaint acknowledges that the underlying foreclosure action was dismissed for want of prosecution, not after a factual finding. Therefore, they cannot plead that the case was terminated in their favor as an element of the malicious prosecution claim.

*2.*     *Special Injury*

Illinois courts are reluctant to allow malicious prosecution actions "where the underlying suit is civil in nature and does not result in special injuries emanating directly from the impact of the issues allegedly wrongfully litigated." *Levin v. King*, 648 N.E.2d 1108, 1111 (Ill. App. Ct. 1995). Plaintiffs allege that they were fearful of losing their home, but they do not allege actual interference with the property. "[S]pecial injury is usually 'identified with an arrest or seizure of property or some constructive taking or interference with the person or property.'" *Serfecz*, 67 F.3d at 602 ("'[A] showing of interference with property "is satisfied only if a court issues a provisional remedy such as attachment, an order of arrest or an injunction."'") (citation omitted).

Plaintiffs' subjective allegations of emotional distress and loss of employment opportunities also do not satisfy this element. "In considering whether litigation is rendered 'ordinary' or injuries are special, the court's focus must properly rest upon the peculiar effect of the suit together with the remedy sought and not upon the subjective effect the suit may have on the plaintiff." *Levin*, 648 N.E.2d at 1112 ("To hold otherwise would mean every unsuccessful civil action, no matter how pedestrian, could be the basis of a malicious prosecution suit by the mere assertion that a defendant's idiosyncratic injuries constituted special damages."); *see also Serfecz*, 67 F.3d at 603 (finding a lessor's loss of potential tenants and of institutional lending commitments insufficient to satisfy the special injury requirement).

Because the Court finds that Plaintiffs have not properly alleged the elements of favorable termination and special injury, Defendant's other arguments need not be addressed. Count IV is dismissed.

**B.**     **Count V - Libel**

Defendant next argues that Plaintiffs' libel claim should be dismissed because statements made in a judicial proceeding are not actionable. Under Illinois law, "anything said or written in a legal proceeding, including pleadings, is protected by an absolute privilege against defamation actions, subject only to the qualification that the words be relevant or pertinent to the matters in controversy." *Defend v. Lascelles*, 500 N.E.2d 712, 714 (Ill. App. Ct. 1986); *see also MacGregor v. Rutberg*, 478 F.3d 790, 791 (7th Cir. 2007) (noting that "[t]he privilege mainly protects against suits for defamation").

The issue of relevance is a question of law and is to be construed liberally. *Defend*, 500 N.E.2d at 715. The absolute privilege applies as long as the material in the pleading "bears some reasonable relation to the judicial proceeding, irrespective of whether it is false and malicious." *Id.* at 716.

Plaintiffs allege that in the foreclosure complaint, Defendant falsely stated that Plaintiffs' mortgage was in default. The amended complaint therefore admits that the statement was made in a judicial pleading, and as a matter of law, the statement was directly related to the judicial proceeding. Therefore, the statement is absolutely privileged against a libel claim. Count V is dismissed.

**CONCLUSION**

For the foregoing reasons, Defendant's Rule 12(b)(6) Motion to Dismiss Counts IV and V of Plaintiffs' First Amended Complaint [Doc. No. 25] is granted. Counts IV and V of the First Amended Complaint are dismissed with prejudice.

**SO ORDERED.**             **ENTERED:**

**DATE:** __July 20, 2012__         _____
                                                   **HON. MARIA VALDEZ**
                                                   **United States Magistrate Judge**